IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| UNITED STATES OF AMERICA, | Case No. 6:10-60122-AA |
|---|---|
| Plaintiff, | OPINION AND ORDER |
| v. | |
| TAMARA SAWYER and KEVIN SAWYER, | |
| Defendant. | |

AIKEN, Chief Judge:

Defendants Tamara and Kevin Sawyer were charged in a 21-count indictment with conspiracy to commit wire fraud, wire fraud, bank fraud, making false statements to a financial institution, and money laundering. The government essentially alleged that defendants obtained money from investors through intentional misrepresentations regarding how such money would be invested, and that defendants instead used investors' money for their own purposes. The government also alleged that defendants made false

1   - OPINION AND ORDER

representations to a financial institution in order to obtain a home loan.

Prior to trial, the parties filed several motions in limine. To the extent set forth on the record during the pretrial conference, the court grants defendant Tamara Sawyer's motions to exclude evidence regarding Thomas Middleton and the Thomas Middleton Trust, to exclude evidence regarding disciplinary proceedings by the Oregon Real Estate Agency, and to exclude evidence of alleged intimacy with "X." The court also grants the government's motion to exclude evidence of other lawsuits as stated on the record.

The government also filed motions in limine to exclude evidence and expert testimony regarding defendants' intent and/or ability to repay investors, on grounds that such evidence is not a defense to the charged offenses and is irrelevant. Specifically, the government moved to exclude evidence and expert testimony about assets belonging to the Sawyers and/or their corporations, assets unrelated to their fraudulent scheme, that could have been used to repay investors. Defendant Tamara Sawyer responded that evidence of her intent and ability to repay investors was relevant to show that she did not intend to defraud investors, and that, but for the economic and real estate downturn, she would have been able to repay those obligations. In other words, Tamara Sawyer's argument focuses solely on the economic losses suffered by investors, rather

than the manner in which she obtained and used investors' money.

As indicated during the pretrial conference, I find defendant's argument flawed and unpersuasive. The crime of fraud is committed when a defendant asserts false representations, with the intent to defraud or deceive, in order to obtain the money or property of another. The intent to permanently deprive another of property or to cause pecuniary loss is not an element of the crime, and, therefore, whether Tamara Sawyer intended to repay investors from other assets is irrelevant. See United State v. Benny, 786 F.2d 1410, 1417 (9th Cir. 1986) ("While an honest, good-faith belief in the truth of the misrepresentations may negate intent to defraud, a good-faith belief that the victim will be repaid and will sustain no loss is no defense at all."); see also United States v. McCormick, 72 F.3d 1404, 1409 (9th Cir. 1995) ("The government needed only to prove that Thomas made the false statements in order to influence the bank. . . . Whether Thomas entertained an honest intent to repay the bank is irrelevant."); United States v. Molinaro, 11 F.3d 853, 863 (9th Cir. 1993) (good faith intent to repay is not a defense to bank fraud).

In United States v. Treadwell, 593 F.3d 990 (9th Cir. 2010), the Ninth Circuit emphatically rejected the argument that fraud requires the intent to cause pecuniary harm. The court explained that "the intended deprivation [of money or property] under § 1343 need not be a *permanent* 'taking away' of money or property. One can

3    - OPINION AND ORDER

intentionally 'deprive' another of property while at the same time intending to restore it at a later date." Id. at 996. The court thus found that "[t]he intent to induce one's victim to give up his or her property on the basis of an intentional misrepresentation causes 'harm' by depriving the victim of the opportunity to weigh the true benefits and risks of the transaction, regardless of whether or not the victim will suffer the permanent loss of money or property." Id. at 997.

Similarly, in United States v. Oren, 893 F.2d 1057 (9th Cir. 1990), the defendant was accused of fraud after making false representations about property he was attempting to sell to the another. The defendant sought to introduce evidence of the property's value, to show that the purchaser paid the fair market value of the land and therefore the defendant did not have the intent to defraud the purchaser into paying more than fair market value. Id. at 1061. The district court excluded evidence of the value of the property, and the Ninth Circuit affirmed.

The court rejected the defendant's argument that he must have intended to cause monetary harm or loss in order to have possessed the requisite intent to defraud. Instead, the Ninth Circuit explained that "one defrauds another when he causes him to be deprive[d] ... of property by means of false ... representations." Id. at 1062 (internal quotation marks and citation omitted). The court therefore found that the actual value of the property was

4   - OPINION AND ORDER

irrelevant, because the purchaser bought the land based on the defendant's misrepresentation. Id. ("Even if the property here was worth what TPL paid for it, TPL was nonetheless defrauded."); see also United States v. Namvar, 2012 WL 5866049, *1 (9th Cir. Nov. 20, 2012) ("The district court properly excluded evidence of Namvar's intent to repay the victims and good faith effort to fund the exchanges because such an intent is not a defense to fraud.").

In sum, if Tamara Sawyer intended to obtain money from investors through intentional misrepresentations, she had the requisite "intent to defraud," even if she believed the investors could be repaid with other assets. Accordingly, I grant the government's motions and preclude evidence and argument regarding the availability of assets to repay investors and defendants' intent or ability to repay.

## CONCLUSION

Defendant Tamara Sawyer's Motions in Limine (docs. 70, 71, 72) and the government's Motions in Limine (docs. 77, 78, 91) are GRANTED, as set forth during the pretrial conference and as explained above.

IT IS SO ORDERED. 1/22/13

_____
Ann Aiken
United States District Judge